UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMAR, LLC,<br><br>                  Plaintiff,<br>v.<br><br>RESC RENEWABLES HOLDINGS, LLC *et al.*,<br><br>                  Defendants. | Case No. 3:25-CV-00754-MMD-CLB<br><br>TEMPORARY RESTRAINING ORDER |

Before the Court is Plaintiff Tomar LLC's ("Tomar") Ex Parte Motion for Temporary Restraining Order (ECF No. 31 ("Motion")) seeking relief under Federal Rule of Civil Procedure 65. Having considered the merits of the Complaint (ECF No. 1), Motion, and related briefs[1] and for good cause shown, the Court hereby finds and orders as follows:

1. Tomar has demonstrated it is entitled to immediate temporary injunctive relief under Federal Rule of Civil Procedure 65(b).

2. Tomar has demonstrated a likelihood of success on the merits of its fraud, negligent misrepresentation, and securities fraud claims against Defendant Randall Soule.

3. Tomar has demonstrated a likelihood of success on the merits of its claims against Defendants Encore D.E.C., LLC ("Encore") and GL Part SPV I, LLC ("GL").

4. Without a temporary restraining order, Tomar is likely to suffer irreparable harm in the form of the dissipation of proceeds from the sale of Soule's, Encore's, and GL's shares in XCF Global, Inc. ("XCF"). Tomar has demonstrated that in the absence

---

[1] While Plaintiff filed the Motion ex parte, the three defendants at issue in the Motion and subject to this Order filed responses. (ECF Nos. 44, 46.) Plaintiff replied. (ECF Nos. 48, 49.)

of immediate injunctive relief, it will likely be unable to recover proceeds from the sale of XCF stock and will therefore be irreparably harmed.

5. The balance of harms and public interest favor the issuance of a temporary restraining order. Tomar will suffer irreparable injury absent injunctive relief, while Soule, Encore, and GL will not be harmed by an injunction. In addition, a temporary restraining order serves the public interest in remedying fraud and protecting fraud victims.

6. Tomar's efforts to provide notice to Soule, Encore, and GL complied with the requirements of Federal Rule of Civil Procedure 65(b).

7. In light of Soule's, Encore's, and GL's ability to immediately sell XCF shares and dispose of the sales proceeds in other transactions, Tomar's risk of irreparable injury is imminent and significant. Good cause therefore exists to issue this temporary injunctive relief pending a hearing.

8. The Court deems no security bond is required at this time under Federal Rule of Civil Procedure 65(c) because Soule, Encore, and GL will not be harmed by the issuance of a temporary restraining order

It is therefore ordered that the Motion (ECF No. 31) is granted as follows: for a period of fourteen days and effective immediately, Soule, Encore, and GL are enjoined from (i) any sale or transfer of any stock of XCF in a transaction that would constitute a fraudulent conveyance or other violation of law; and (ii) using any proceeds from any sale of XCF stock, and requiring such proceeds to be held in escrow pending a hearing.

It is further ordered that a hearing on whether to extend this Order will be scheduled for January 6, 2026 at 1:30 pm. The Court will issue a separate order setting the hearing.

DATED THIS 23rd Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE