UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TOMAR, LLC, | Case No. 3:25-CV-00754-MMD-CLB |
|---|---|
| Plaintiff, | **ORDER DENYING PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| RESC RENEWABLES HOLDINGS, LLC, et al., | [ECF No. 55] |
| Defendants. | |

Before the Court is the Parties' proposed Discovery Plan and Scheduling Order ("DPSO"). (ECF No. 55.) In the proposed DPSO, the Parties propose staying discovery pursuant to 15 U.S.C. § 78u-4(b)(3)(B) because "several defendants indicated an *intent* to file motions to dismiss." (*Id.* at 2) (emphasis added.) The Parties' proposal is premature, however, because no defendant has actually filed a motion to dismiss at this time. Section 78u-4(b)(3)(B) states that in private securities fraud actions "all discovery and other proceedings shall be stayed *during the pendency* of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Here, there is no motion to dismiss pending, which makes a stay of discovery inappropriate under the plain text of the statute.

Accordingly, the Parties' proposed DPSO, (ECF No. 55), is **DENIED** as premature. If a motion to dismiss is filed by January 16, 2026, which is the current deadline to respond to the complaint, (*see* ECF No. 21), the Parties do not need to refile their proposed DPSO. Instead, the Parties shall file a stipulation informing the Court that a motion to dismiss is pending and the case is stayed under 15 U.S.C. § 78u-4(b)(3)(B). The Parties shall then file a revised DPSO within 14 days from the entry of any order denying the motion to dismiss. If, however, Defendants file an answer in lieu of a motion to dismiss, the Parties shall submit their proposed DPSO by **January 20, 2026**.

///

**IT IS SO ORDERED**.

DATED: December 30, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**